IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICK KNOWLES PINKETT, JR., *
Plaintiff
*
v. CIVIL ACTION NO. ELH-15-913
*

RACHEL B. HARRIS, *
Defendant
******

**MEMORANDUM**

Plaintiff Patrick Knowles Pinkett, Jr., who is self-represented, has filed a civil rights case against Rachel B. Harris, Esquire, defendant, pursuant to 42 U.S.C. § 1983. ECF 1. Plaintiff appears to be indigent and his motion for leave to proceed in forma pauperis shall be granted. *See* ECF 2. Upon review of the complaint, however, it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

Plaintiff alleges that Ms. Harris was found by the Circuit Court for Wicomico County, Maryland to have provided ineffective assistance of counsel to Pinkett during plaintiff's State criminal proceedings in that court. ECF 1 at 4. Pinkett has attached the ruling rendered by Judge Leah Seaton on January 23, 2014 (ECF 1-1), in which, due to counsel's ineffective assistance, Judge Seaton vacated the finding that Pinkett violated his probation. The judge also ruled that Pinkett was entitled to a new hearing on the charge of violation of probation. *Id.* According to plaintiff, he was resentenced to "1 year time serve" (ECF 1 at 5), which amounted to "1 year and 1 month and twenty-some days unwarranted due to Rachel." *Id.* This has caused stress to

plaintiff and financial consequences. *Id.* at 5-6. He seeks unspecified sanctions against defendant and monetary damages. *Id*. at 3.

Mindful that plaintiff is a self-represented litigant, the court has construed his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the complaint is subject to summary dismissal.

To state a claim under § 1983, two elements are essential: (1) that plaintiff suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An attorney, whether retained, court-appointed, or a public defender, ordinarily does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. Therefore, the attorney is not amenable to suit under § 1983. *See Deas v. Potts,* 547 F.2d 800, 800 (4th Cir.1976) (per curiam) (private attorney); *Hall v. Quillen,* 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir.1980) (court-appointed attorney); and *Polk County v. Dodson,* 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). *See also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."). As such, plaintiff's § 1983 action must be dismissed.

To the extent that plaintiff has sought to pursue a civil legal malpractice action in this Court, arising from his criminal case, the case fares no better. In the absence of diversity of citizenship, which is clearly lacking here, this Court is without jurisdiction as to a civil malpractice claim against this defendant.

In *Home Buyers Warranty Corporation v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014), the

Fourth Circuit said: "Fundamental to our federal system is the principle that '[f]ederal courts are courts of limited jurisdiction.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see United States, ex rel. Voyyuru v. Jadhov*, 555 F.3d 337, 347 (4th Cir. 2009). Thus, a federal district court may only adjudicate a case if it possesses the "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation marks omitted). As the Fourth Circuit stated in *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008), if a party seeks to proceed in federal court, it "must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter." Indeed, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Hanna*, 750 F.3d at 432; *see also Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006).

Notably, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Moreover, "[a] court is to presume … that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen*, 511 U.S. at 377). This is because "jurisdiction goes to the very power of the court to act." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Therefore, "[s]ubject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte*, at any time prior to final judgment." *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010); *see McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction."); *see also Snead v. Board of Educ. of Prince George's County*, 815 F. Supp. 2d 889, 893-94 (D. Md. 2011). And, pursuant to Fed. R. Civ. P. 12(h)(3), "the

court must dismiss the action" if it determines that the court lacks subject matter jurisdiction. *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

Congress has conferred jurisdiction on the federal courts in several ways. To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. *Exxon Mobil Corp.*, 545 U.S. at 552; 28 U.S.C. § 1331. *See also* U.S. Constitution Art. III, § 2 ("The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made. . . .") Moreover, 28 U.S.C. § 1367(a) grants district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." These grounds do not apply here.

In addition, "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000. *Exxon Mobil Corp.*, 545 U.S. at 552; *see* 28 U.S.C. § 1332. This so-called diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806). This jurisdictional basis is not satisfied here, because the parties are both domiciled in Maryland. As a result, plaintiff cannot bring a civil legal malpractice action against Ms. Harris in this Court.

A separate Order shall be entered reflecting the rulings set forth herein.

April 15, 2015
Date

__________/s/_________________________
Ellen L. Hollander
United States District Judge